**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4541**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHESTER GRIFFITHS,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:06-cr-00388-JFM)

―――――――――

Submitted:  July 31, 2008          Decided:  September 5, 2008

―――――――――

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky,
for Appellant.  Rod J. Rosenstein, United States Attorney, Kwame J.
Manley, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chester Griffiths pled guilty to possession of 100 kilograms marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court varied upward from the guideline range of 120 months and imposed a sentence of 180 months. Griffiths contends on appeal that (1) the district court erred in varying upward from the guideline range pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); (2) the extent of the variance was unreasonable; and (3) the court plainly erred in failing to give him notice of a possible variance. We affirm.

In June 2006, Griffiths was found driving a Jeep in Maryland with a suspended registration and an expired driver's license. The Jeep contained 157 kilograms of marijuana, which was worth about $400,000, and $1820 in cash. At Griffiths' home in Baltimore, police found $2324 in cash, two scales, and a plastic bag of white powder.[*] Because Griffiths had a prior drug conviction, he was subject to a ten-year mandatory minimum sentence under § 841(b)(1)(B). At some point before he entered his guilty plea, Griffiths moved for a ruling on whether he was a career offender. After a hearing, the district court ruled that Griffiths was not a career offender. Griffiths subsequently pled guilty to the instant offense.

_____

[*]The record does not reveal what the white powder was.

- 2 -

Despite the court's ruling, the probation officer recommended in the presentence report that Griffiths qualified for sentencing as a career offender, with an advisory guideline range of 262-327 months. Before sentencing, the government indicated its intention to seek an upward departure to a fifteen-year sentence based on under-representation of Griffiths' criminal history. See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2006). The government explained that it believed Griffiths qualified for sentencing as a career offender, but acknowledged the court's ruling that he was not a career offender, and that the ruling effectively reduced the guideline range to the mandatory minimum sentence of 120 months. See USSG § 5G1.1(b).

At sentencing, the court imposed a 180-month sentence, explaining that it was a variance, not the criminal history departure requested by the government. The court stated that the variance was appropriate under 18 U.S.C.A. § 3553 (West 2000 & Supp. 2008) because (1) the offense was a serious one, given that the marijuana was worth $400,000; (2) Griffiths' history and characteristics indicated that he had not been able to conform his conduct to the law; and (3) the length of the sentence was necessary to promote respect for the law and provide just punishment.

On appeal, Griffiths argues that the court erred by imposing a variance sentence because the drug amount and his

criminal history were already considered and accounted for in the calculation of the guideline range.  He also contends that the extent of the variance was unreasonable.  Last, Griffiths maintains that the district court plainly erred in failing to give him notice that it was considering an upward variance, with the result that he was not prepared to confront the issue at sentencing.

First, we note that Griffiths was aware that the government would seek an upward departure based on under-representation of his criminal history, but he was not given notice that the court might vary from the guideline range.  Because Griffiths did not object in the district court to the lack of notice concerning the variance, this issue is reviewed for plain error.  <u>United States v. Muhammad</u>, 478 F.3d 247, 249 (4th Cir. 2007).  Rule 32(h) of the Federal Rules of Criminal Procedure requires the sentencing court to give the parties reasonable notice when it is considering a departure on a ground not identified as a possible basis for departure either in the presentence report or in a party's prehearing submission.  However, the Supreme Court held in <u>Irizarry v. United States</u>, 128 S. Ct. 2198 (2008), that upward variances do not require notice under either Rule 32(h) or <u>Burns v. United States</u>, 501 U.S. 129 (1991).  <u>Irizarry</u>, 128 S. Ct. at 2203. Therefore, no error occurred.

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court set out the standards for appellate review of sentences as follows:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Id. at 597.

Although the drug amount and Griffiths' criminal history were accounted for in the guideline calculation, the sentencing court had the discretion to decide that the seriousness of the offense and the defendant's history and characteristics were § 3553(a) factors that warranted a sentence outside the range. Griffiths has not identified any procedural error made by the court.

Further, the sentence is not substantively unreasonable. As explained in Gall, when reviewing a sentence outside the guideline range for substantive reasonableness, the appellate court should "take into account the totality of the circumstances . . . ." Gall, 128 S. Ct. at 597. The court –

may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

Id.

Griffiths argues that the variance was excessive because he was merely transporting the marijuana for others, and because the court found that he was not a career offender. However, in light of Gall's conclusion that the sentencing court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case," id., and that its sentencing decision should be accorded great deference, we conclude that the sentence is not substantively unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED